UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY JOE TAYLOR, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-4315 |
| | § | |
| HARRIS COUNTY. | § | |
|     *Defendant*. | § | |

### ORDER

This is an employment discrimination case brought pursuant to 42 U.S.C. § 1981. Plaintiff Taylor alleges he was demoted because of his race. Defendant Harris County contends Taylor was demoted due to his violation of the department's rifle policy and his history of disciplinary problems. Taylor has filed a motion to compel (Dkt. 25) seeking production of the following documents:

(1)    Request for Production No. 1: Employment and personnel files of Christopher Lee, Jeff Thomas, and George Sturgis;

(2)    Request for Production No. 7: Discrimination complaints filed by Robert Connors, Robert Amboree, Billy Joe Taylor, Shannon Powell, Godfrey Eta, and James Phillips; and

(3)    Request for Production No. 8: Employment and disciplinary files for all patrol sergeants from 2000 to present.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information does not need to be admissible, as long as the discovery request is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

***Request for Production No. 1*:** Taylor has not explained why the employment and personal files of Christopher Lee, Jeff Thomas, or George Sturgis are relevant to the issues in this case or likely to lead to the discovery of admissible evidence. None of the individuals appear to be similarly situated to Taylor. Defendant represents that at the time of the incident for which Taylor was demoted, Christopher Lee was Taylor's lieutenant[1], Jeff Thomas was a deputy under Taylor's supervision, and George Sturgis was not in Taylor's chain of command. Defendant represents that Thomas has no disciplinary history, and Sturgis's file contains one reprimand for minor damage to a county vehicle.

Defendant does not object to producing the disciplinary records of Lee. Defendant shall do so within 10 days of the date of this Order. Personal information such as Lee's social security number, driver's license number and home address may

---

[1] Lee was subsequently demoted to deputy for an unrelated incident.

2

be redacted. Taylor has not established that he is entitled to anything further in response to this request.

***Request for Production No. 7*:** Defendant has already produced the discrimination complaints of Robert Amboree, Billy Joe Taylor, Godfrey Eta and James Phillips. Defendant represents that it does not have any discrimination complaints filed by Robert Connors or Shannon Powell. Taylor's motion to compel further production of documents in response to request for production no. 7 is denied.

***Request for Production No. 8*:** This request is patently overbroad and burdensome. Taylor does not explain what relevance the employment and disciplinary files of all 98 patrol sergeants have to the issues in this case. Defendant represents that it has no evidence that any of the 98 patrol sergeants ever violated the department's rifle policy. Taylor is not entitled to fish through personnel files of co-workers based on nothing more than a bare hope that something of relevance might turn up.

It is therefore

ORDERED that Taylor's motion to compel (Dkt. 25) is denied in large part. Defendant is ordered to produce the redacted disciplinary files of Christopher Lee within 10 business days of the date of this Order.

Signed at Houston, Texas on March 30, 2006.

Stephen Wm Smith
United States Magistrate Judge